UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20810-CR-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE ORTEGA,

    Defendant.
_____/

ORDER DENYING DEFENDANT ORTEGA'S MOTION TO CORRECT
SUPPLEMENTAL REPORT FOR THE BUREAU OF PRISONS

    This matter is before the Court on Defendant Ortega's Motion to Correct Supplemental Report for the Bureau of Prisons. [D.E. 86]. The Government has filed a response. [D.E. 87]. I lack subject matter jurisdiction; the motion is therefore DENIED.

    Jose Ortega, the Defendant, pled guilty in March 2007, to Count One of the Indictment. The Indictment charged him with conspiracy to import five kilograms or more of cocaine, in violation of Title 21 United States Code, Section 952(a); all in violation of Title 21 United States Code, Section 963 [D.E. 56].

    After he pled guilty, the Defendant moved to waive his pre-sentence investigation report. I found good cause and waived a full pre-sentence investigation report. I then sentenced the Defendant to 87 months in prison, followed by a four-year term of supervised release. [D.E. 59]. Now three years later, the Defendant seeks to have me "correct" a pre-sentence investigation report that Probation prepared, after sentencing, for the Bureau of Prisons.

    Defendant presents no statutory authority for me to correct the supplemental pre-sentence

investigation report.  The Defendant is not seeking to appeal his sentence. Therefore he has no relief under 18 U.S.C. § 3742(a). He is not seeking to amend his sentence due to a subsequent amendment to the sentencing guidelines.  18 U.S.C. § 3582(a).  The Defendant is not seeking to correct an "arithmetical, technical or clear error," or "reduce a sentence for substantial assistance to the government."  F. Crim. P. 35.  The Defendant also offers no case precedent to permit this Court to re-visit the sentencing process.

I did not use the pre-sentence investigation report, or the supplemental sentencing report to determine the Defendant's sentence.  The Defendant requested the Court to waive his pre-sentence investigation report and now claims that "basic due process requires that Defendant at least have notice of this report and an opportunity to respond."  Defendant Ortega's Motion to Correct Supplemental Report for the Bureau of Prisons, p.2.  Due process does require that a party have notice and an opportunity to defend. *See U.S. v. Diaz*, 190 F.3d 1247, 1258 (11th Cir. 1999)(citation omitted).  However, a party may waive his or her right. *See, e.g. U.S. v. Harris*, 443 F.3d 822 (11th Cir. 2006).  Here, the Defendant in open court waived the pre-sentence investigation report prior to sentencing.   Given this waiver, Defendant cannot now have the report corrected. *Accord, U.S. v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) ("[I]f a party waives a procedural right... he cannot later complain that any resulting error is reversible").

Wherefore, Defendant Ortega's Motion to Correct Supplemental Report for the Bureau of Prisons. [D.E. 86] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of March 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Scott W. Sakin, Esq.*
*AUSA William Leonard Athas*

*Lakiesha Brantley, USPO*
*200 NE 1st Avenue, Ste. 315*
*Miami, FL  33132-2126*